UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-03026-SK                         Date: July 13, 2026
Title          Santiago Medrano Jimenez v. Cynthia Armant, et al.

Present: The Honorable:  Steve Kim, United States Magistrate Judge

|  Connie Chung  |  n/a  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s)/Petitioner(s): None present | Attorneys Present for Defendant(s)/Respondent(s): None present |

**Proceedings:**          (IN CHAMBERS) **ORDER GRANTING PETITION**


Santiago Medrano Jimenez is a citizen of Mexico who entered the United States without inspection sometime in 2011.  He has lived here for roughly 15 years, is the father of three United States citizen children (with a fourth on the way), has worked gainfully in construction, and has no criminal history.  Immigration and Customs Enforcement (ICE) arrested petitioner in April 2026 while he was riding to work, and he has been detained at the Desert View Detention Facility in Adelanto, California since.  Petitioner is now in removal proceedings, but no final removal order has issued.

As pertinent here, petitioner asked for a custody redetermination before an immigration judge, but the judge refused to hold a bond hearing.  In a June 1, 2026 order, the judge found "no jurisdiction to proceed in adjudicating bond reconsideration request under INA § 236(a)"—that is, 8 U.S.C. § 1226(a)—on the ground that petitioner had "surreptitiously entered the United States and as such falls within the ambit of INA § 235(b)(2)(A)"—a mandatory detention provision for arriving applicants seeking admission to enter the country.  (ECF 1-1 at 2) (relying on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)).  That order thus reflects no finding of danger to the community, no finding of risk of flight, and no consideration of conditions of release.  In other words, no neutral decisionmaker has determined on an individualized basis whether petitioner's detention pending removal proceedings is warranted.  Indeed, the

---

CV-90 (03/15)                              Civil Minutes – General                              Page **1** of **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-03026-SK                    Date: July 13, 2026
Title        Santiago Medrano Jimenez v. Cynthia Armant, et al.

only agency official ever asked to decide whether petitioner should be detained ruled that he had no power to decide it.  As a result, in his counseled petition under 28 U.S.C. § 2241, petitioner claims that he is in custody in violation of federal law and seeks immediate release.  In the alternative only, he asks for a bond hearing at which the government would bear the burden of justifying his continued detention.

Respondents answered on June 10, 2026 with a three-page response.  (ECF 13). The answer denies no fact alleged in the petition, contests no claim on the merits, raises no jurisdictional bar, and asserts no affirmative defense.  It does not defend—or mention—the immigration judge's ruling that classifies petitioner as a mandatory detainee.  Yet it also never states under what other authority petitioner is being held.  All it says is that petitioner "appears to be" a member of a class certified in another case, *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal.), that his habeas claim "appears to be subject to" the judgment in that case, and that "at most" his remedy would be "a bond hearing to be held before an Immigration Judge under Section 1226(a)" within seven days.  (ECF 13 at 2-3).

A custodian's return to a habeas petition must "certify the true cause of the detention."  28 U.S.C. § 2243.  Hedged observations about what petitioner "appears to be" and what his claim "appears to be subject to" are not that certification.  Respondents nowhere affirm that petitioner is detained under § 1226(a).  They only point to a judgment in another case and leave the court to infer the rest.  Meanwhile, the one affirmative statement in the record about the source of petitioner's custody comes from an immigration court—and it says that petitioner is subject to mandatory detention, not that he is bond-eligible.  Respondents neither adopt nor disavow that ruling.  So the remedy respondents propose—a § 1226(a) bond hearing—is the very relief that an immigration court has already held it has no jurisdiction to provide.

Federal courts must decide cases based on the arguments the parties present.  *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008).  So when, as here, the "government does not offer any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-03026-SK                                Date: July 13, 2026

Title      Santiago Medrano Jimenez v. Cynthia Armant, et al.

argument on the merits" of the claims in the petition, "it has waived any challenge to the arguments [] raised." *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017). Respondents' lone sentence that relief is "at most" a bond hearing cannot do the work they ask of it. It is argument by *ipse dixit*, offered with no reasoning or argument. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("[A] bare assertion does not preserve a claim."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). That omission is glaring because respondents must reckon with what already happened: petitioner asked for a bond hearing and was refused one for want of jurisdiction. To order respondents to furnish the very process an immigration judge has declined to furnish—on a jurisdictional rationale respondents neither defend nor disavow here—is to order a remedy with no reason to expect a different result.

Meanwhile, respondents have not disputed a single fact alleged by petitioner. They do not contend that petitioner is a danger to anyone or a risk of flight. The court thus need not decide whether it agrees with the merits of petitioner's habeas claims in all respects—other than to acknowledge that his claim of detention without lawful authority is unrefuted. That is not to imply that there is no authority to detain petitioner, or that none could be invoked. It is only to say that respondents have not identified the authority for the custody they ask the court to sustain conditionally. And a custodian who will not say why it is holding someone has not shown cause—as required by § 2243 and General Order 26-05—why the writ should not issue. *See Ex parte Endo*, 323 U.S. 283, 297-302 (1944); *see also Boumediene v. Bush*, 553 U.S. 723, 739 (2008); *INS v. St. Cyr*, 533 U.S. 289, 301 (2001). The court is "not a roving commission" charged with making respondents' case for them. *Sineneng-Smith*, 590 U.S. at 376 (cleaned up); *see McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991) (a judge in an adversarial system "decides on the basis of facts and arguments pro and con adduced by the parties"). "To put it plainly, courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-03026-SK                         Date: July 13, 2026

Title        Santiago Medrano Jimenez v. Cynthia Armant, et al.

* * *

For these reasons, the petition for writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED.  Respondents are ordered to RELEASE petitioner **Santiago Medrano Jimenez** (**A# 221-462-284**) from custody immediately under appropriate conditions of supervision.[1]  Judgment will be entered accordingly.

---

[1] Because respondents' failure to carry their burden of identifying the lawful basis for petitioner's custody disposes of this case, the court need not decide—and nothing here is intended to address—whether 8 U.S.C. § 1225(b)(2)(A) or § 1226(a) supplies detention authority for a noncitizen who entered without inspection and was arrested in the interior years later; whether petitioner is in fact a member of the Bond Eligible Class certified in *Maldonado Bautista*; whether prudential exhaustion would have been required had respondents raised it; or whether petitioner's Fifth Amendment and Administrative Procedure Act claims would independently require relief—conditionally or unconditionally.